UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHWA AARON WINTRODE,<br><br>              Plaintiff,<br><br>   v.<br><br>SUMMIT CORRECTIONAL SERVICES; TWIN FALLS COUNTY JAIL ADMINISTRATORS; LT. HOGAN; and KITCHEN SUPERVISOR LAYLANIE,<br><br>              Defendants. | Case No. 1:24-cv-00174-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Joshwa Aaron Wintrode's Complaint as a result of Plaintiff's former status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1. **Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA") requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend).

**2.      Factual Allegations**

Plaintiff is a former inmate who, at the time he filed the Complaint in this case, was being held in the Twin Falls County Jail. Plaintiff alleges that, for approximately two months in early 2024, Defendants refused to provide Plaintiff with a religious diet. *Compl.*, Dkt. 3, at 2. The Complaint in this case does not describe the diet allegedly required by Plaintiff's religious beliefs. However, the complaint in another of Plaintiff's pending cases describes his religious diet as (1) requiring 7,000 to 10,000 calories per day and (2) prohibiting any plants. *See Wintrode v. Twin Falls County Jail Administration*, 1:24-cv-00171-BLW (Dkt. 3 at 2) (D. Idaho, filed April 3, 2024).

Plaintiff sues the kitchen supervisor at the Twin Falls County Jail, a jail deputy, unidentified Twin Falls County Jail administrators, and Summit Foods. It is unclear what role Summit Foods played in the events described in the Complaint, though it may be the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

private company contracted to provide meals to inmates in the Twin Falls County Jail. Plaintiff seeks $23,000,000 in damages. *Compl.* at 2.

**3.    Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

**A.    Section 1983 Claims**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. *Compl.* at 1. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Jail officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting

*Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

To bring a § 1983 claim against a local governmental entity or a private entity performing a government function, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). *See also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying *Monell* to private entities performing a government function). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168 (1970)). "Liability for improper

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Plaintiff asserts his § 1983 claims under both the Free Exercise and Establishment Clauses of the First Amendment to the United States Constitution. However, the allegations in the Complaint do not implicate the Establishment Clause, which prohibits the government from establishing a religion. Thus, the Court will analyze Plaintiff's religious freedom claims under only the Free Exercise Clause.[1]

The Free Exercise Clause of the First Amendment absolutely protects the right to believe in a religion; it does not absolutely protect all conduct associated with a religion. *Cantwell v. Connecticut*, 310 U.S. 296, 303–04 (1940). Inmates retain their free exercise of religion rights in prison. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). An

---

[1] Plaintiff does not assert a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. Even if the Complaint did assert an RLUIPA claim, however, any such claim would be implausible. Though RLUIPA imposes a strict scrutiny standard with respect to religious exercise claims asserted by inmates in facilities that receive federal financial assistance, it does not permit suits, such as Plaintiff's, that seek monetary damages. *See Sossamon v. Texas*, 563 U.S. 277, 280 (2011).

inmate who is an adherent of a minority religion must be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam). A prison need not, however, provide "identical facilities or personnel" for "every religious sect or group within a prison," and a "special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand." *Id.* at 322 n.2.

To serve as a basis for a viable claim challenging a prison restriction under the Free Exercise Clause, an inmate's belief must be both sincerely held and rooted in religious belief. *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994). Further, the burden placed on the inmate's religious exercise by the defendants' actions must be substantial. *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989). *De minimis*—or minor—burdens on the free exercise of religion are not of a constitutional dimension, even if the belief upon which the exercise is based is sincerely held and rooted in religious belief. *See, e.g.*, *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (the unavailability of a non-pork tray for inmate at 3 meals out of 810 does not constitute more than a *de minimis* burden on inmate's free exercise of religion).

Challenges to prison restrictions that are alleged "to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law." *Jones v. N.C. Prisoners' Union*, 433 U.S. 119, 125 (1977) (citation

omitted). What constitutes a reasonable opportunity for religious exercise, therefore, must be evaluated within the context of a prison's need for security, among other legitimate goals. *O'Lone*, 482 U.S. at 350-53 (1987) (holding that a prison's policy of not allowing Muslim inmates on work detail to return to the prison to attend Jumu'ah, a group worship service, did not violate the Constitution).

So long as a restriction on an inmate's religious practice "is reasonably related to legitimate penological interests," that restriction is valid. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Factors to be considered in this reasonableness inquiry include (1) whether there is a logical connection between the governmental interest and the particular policy or decision at issue; (2) whether "alternative means of exercising the right remain open to prison inmates"; (3) the impact that accommodating a prisoner's religious practice would have on "other inmates, on prison personnel, and on allocation of prison resources generally"; and (4) whether there is an absence of "obvious, easy alternatives to the policy adopted by" prison officials. *O'Lone*, 482 U.S. at 350–53 (internal quotation marks and alterations omitted) Courts must take care to avoid "substitut[ing] [their] judgment on difficult and sensitive matters of institutional administration." *Id*. at 353 (internal quotation marks and alteration omitted).

A jail's occasional failure to accommodate a religious practice does not violate the Free Exercise Clause where there is no evidence that the failures were caused by "anything other than institutional shortage." *Id.* Similarly, a temporary delay in accommodating religious practice does not violate the First Amendment when caused by ordinary administrative or institutional delay. *See Tapp v. Stanley*, 2008 WL 4934592, at

*7 (W.D.N.Y. Nov. 17, 2008) (unpublished) (holding that a 3-month delay in providing a prisoner with a religious diet did not substantially burden the prisoner's sincerely-held religious beliefs where the delay was "caused by ordinary administrative delay").

Prisoners "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987). However, this right must be balanced with the prison's "legitimate interest in running a simplified food service, rather than one that gives rise to many administrative difficulties." *Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993).

Plaintiff has not stated a viable free exercise claim under the First Amendment because he has not plausibly alleged that being deprived of his requested diet constitutes a substantial burden on Plaintiff's religious exercise. The Complaint includes no allegations about Plaintiff's religion at all, much less any suggestion that Plaintiff's sincerely-held religious beliefs require adherence to a high-calorie diet with no fruits, vegetables, or nuts.

Further, even if the Complaint did plausibly allege a substantial burden on Plaintiff's religious exercise, declining to serve Plaintiff a diet consisting of up to five times the daily caloric requirement, and including no plant products at all, is reasonably related to the legitimate penological purpose of maintaining all inmates' diets in a healthy, simplified, and organized manner. *See Ward*, 1 F.3d at 877.

For these reasons, the Complaint fails to state a claim upon which relief may be granted under § 1983.

### B.     Other Federal Claims

Plaintiff also cites 42 U.S.C. §§ 1985 and 1986 as a basis for his claims. *Compl*. at 1. Section 1985 prohibits conspiracies to interfere with civil rights. To state a claim under Section 1985(2) or (3), a plaintiff must allege a racial or class-based discriminatory animus behind the conspirators' actions.[2] *See Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (claims under sections 1985(2) and 1985(3) require the element of class-based animus). Plaintiff has not alleged that he is a member of a racial group or other protected class against whom a conspiracy was perpetrated, nor has he alleged facts sufficient to support a plausible inference of a conspiracy. Therefore, he cannot proceed on this claim.

Section 1986 provides that persons who negligently fail to prevent a wrongful conspiracy as described in § 1985 may be liable to the party injured. A prerequisite to stating a § 1986 claim is stating a § 1985 claim. *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990). Because Plaintiff has not stated a plausible § 1985 claim, he necessarily also has failed to state a plausible § 1986 claim.

### C.     State Law Claims

In addition to § 1983 claims, Plaintiff purports to assert state law claims, though Plaintiff does not actually identify any such claims. *Compl*. at 1. Moreover, because the

---

[2] Subsection (1) of 42 U.S.C. § 1985 does not apply, because that section prohibits conspiracies to prevent a federal officer from performing his or her duties. *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981) ("[Section 1985's] protections extend exclusively to the benefit of federal officers.").

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

Complaint fails to state a federal claim upon which relief may be granted, the Court would decline to exercise supplemental jurisdiction over state law claims in any event. If Plaintiff is allowed to proceed on a federal claim in an amended complaint, and if the amended complaint identifies and states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

4.  **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function;

(3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of a Free Exercise claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address

should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[3]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a

---

[3] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order.

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: June 24, 2024

_____
B. Lynn Winmill
U.S. District Court Judge